IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

NATIONAL RAILROAD PASSENGER
CORPORATION et al,

            **Plaintiffs,**

v.                                        Case No: 2:22-CV-00037-NAB

MS CONTRACTING LLC,

            **Defendants.**

## MOTION TO STAY LITIGATION PROCEEDINGS
## PENDING NTSB INVESTIGATION

COMES NOW Defendant MS Contracting, LLC, by and through undersigned counsel, and respectfully moves the Court for an order staying all proceedings in this action pending the decision of the National Transportation Safety Board ("NTSB") regarding the accident described in Plaintiff's Complaint filed in this matter.

In support thereof, Defendant states this matter arises out of a train/truck collision wherein an Amtrak train collided with a truck operated by MS Contracting LLC at a BNSF grade crossing located near Mendon, Missouri, on June 27, 2022. Due to the nature of this accident, the NTSB immediately undertook an investigation of the accident. Defendant MS Contracting, LLC and its counsel were made parties to the NTSB Accident and Incident Investigation pursuant to 49 C.F.R. Part 831.  Parties to the investigation are specifically prohibited from the release of information obtained during an investigation prior to the NTSB's public release of information pursuant to 49 C.F.R. § 831.13 (c).  Subsection 831.13 (c)(2) specifically prohibits a party to the investigation to

"comment publicly on the information during the course of the investigation." At this time, the investigation of the NTSB is still ongoing and no public release of its findings has been made.

The control of information and the limitations placed on a party to an NTSB investigation was recently discussed by the 5th Circuit Court of Appeals in *Jobe v. NTSB*. The court analyzed the limitations on disclosure of information as:

> [A]ll parties to NTSB investigations—including companies like Eurocopter and Turbomeca appointed pursuant to an international convention—are under the control of the agency-appointed IIC. *See* 49 C.F.R. §§ 831.8; 831.11(a)(2); *see also* ICAO Annex 13, § 5.25. For instance, the IIC supervises a party's ability to disclose information obtained during an investigation, including within the party's own organization. *See* 49 C.F.R. § 831.13(b). And a party must sign a "Statement of Party Representatives," emphasizing its role is only "to facilitate the NTSB's investigation and ultimate goal of advancing transportation safety, [and] not . . . to prepare for litigation or pursue other self-interests." *Id.* § 831.11(b). The IIC may suspend or revoke party status if a party fails to follow instructions or acts "in a manner prejudicial or disruptive to the investigation." *Id.* § 831.11(a)(2).

*Jobe v. NTSB*, 1 F.4th 396, 406 (U.S. 5th Cir. 2021). As described in *Jobe*, Defendant MS Contracting was required to execute a "Statement of Party Representatives" wherein it agreed to maintain the confidentiality of information received until the findings of the NTSB were made public.

Defendant MS Contracting, LLC, has been served with the Complaint in this action and is currently subject to time constraints to file its responsive pleadings pursuant to the applicable rules of procedure. However, under the restrictions placed on it by the authorities above governing its conduct as a party to the NTSB investigation, Defendant MS Contracting is not at liberty to fully and freely respond to the pleadings by a complete disclosure of its factual denials and theories of defense or counterclaims without potentially being in violation of the prohibition of the public release of information discussed during the NTSB investigation. Therefore, it would be highly

prejudicial to defendant MS Contracting, LLC to allow this litigation to proceed prior to the public release of the findings of the NTSB as to its investigation of the accident.

For the reasons stated herein, Defendant MS Contracting LLC respectfully requests that all phases of the litigation in this action be stayed until the conclusions of the investigation are publicly announced and MS Contracting is released from its obligations of confidentiality under 49 C.F.R. § 831.13 (c).  Defendant MS Contracting LLC respectfully requests the Court to enter its Order granting this motion, and granting such further relief the Court deems just.

                                      **McCAUSLAND BARRETT & BARTALOS P.C.**

                                      */s/ Clinton S. Turley*

| | |
|---|---|
| Todd C. Barrett | MO #40032 |
| Mark D. Chuning | MO #43685 |
| Clinton S. Turley | MO #66898 |
| Bailey M. Schamel | MO #72111 |

9233 Ward Parkway, Suite 270
Kansas City, Missouri  64114
(816) 523-3000/FAX (816) 523-1588
tbarrett@mbblawfirmkc.com
mchuning@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

3

I hereby certify that a copy of the above and foregoing was emailed through the Court's efiling system this 15th day of July, 2022 to:

**Sean P. Hamer**
SCHARNHORST AST PC – Kansas City
1100 Walnut Street
Suite 1950
Kansas City, Missouri 64106
816-268-9400
816-268-9409 (fax)
shamer@sakg.com
ATTORNEY FOR PLAINTIFF


*/s/ Clinton S. Turley*
_____
Clinton S. Turley
For the Firm