UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP d/b/a Amtrak and BNSF RAILWAY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 2:22CV37HEA ) |
| MS CONTRACTING. LLC, | ) ) |
| Defendant/Third-Party Plaintiff. | ) ) |
| vs. | ) ) ) |
| BETTER BY DESIGN, LLC, | ) ) |
| Third-Party Defendant. | ) |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on Third-Party Defendant Better by Design, LLC's Motion to Strike or Alternatively, Response to MS Contracting's Motion for Additional Action, [Doc. No 101]. Third-Party Plaintiff MS Contracting opposes the Motion. For the reasons set forth below, the Third-Party Complaint will be dismissed without prejudice.

On March14, 2024, the Court dismissed the claims of consolidated filer Marion Stephens, pursuant to a settlement agreement.

On September 17, 2024, the Court dismissed National Railroad Passenger

Corporation, d/b/a Amtrak's claims against MS Contracting, LLC, BNSF Railway Company's claims against MS Contracting, LLC, MS Contracting's counterclaims against Amtrak, and MS Contracting's counterclaims against BNSF.

On October 7, 2024, the Court dismissed, pursuant to a settlement agreement, consolidated filers David Williams and Janet Williams' claims against Defendants.

Currently, the only cause of action remaining in this case is MS Contracting's third-party complaint against Better by Design. Better by Design has filed a motion for summary judgment on this third-party complaint, to which MS Contracting has filed an opposition. In its response to Amtrak and BNSF's motion to dismiss, MS Contracting asks the Court to dismiss its third-party complaint against Better by Design, urging the Court to decline to exercise supplemental jurisdiction over the third-party complaint.

Better by Design takes issue with MS Contracting's manner of seeking the Court's declination of supplemental jurisdiction. It further argues MS Contracting improperly cited Better by Design's principal place of business rather than the citizenship of the individuals who comprise the limited liability corporation, Better by Design, but does not inform the Court that the individual members of the LLC are citizens of states other than Missouri.

2

"A district court exercising original jurisdiction over federal claims also has supplemental jurisdiction over state claims which 'form part of the same case or controversy' as the federal claims." *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (quoting 28 U.S.C. § 1367(a)). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" over remaining state law claims when all of the claims over which it has original jurisdiction have been dismissed.

Although Better by Design challenges MS Contracting's manner of asking the Court to decline supplemental jurisdiction, this fact is not determinative since district courts may consider the issue *sua sponte*. *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006).

A district court "may decline to exercise supplemental jurisdiction" over remaining state law claims when all of the claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3); *Porter,* 436 F.3d at, 920 (explaining that in considering the exercise of supplemental jurisdiction, a district court has the "discretion either to remand the remaining state-law claims or to keep them in federal court"). The factors a court should consider when deciding whether to exercise supplemental jurisdiction over remaining state law claims include "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v.*

3

*Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal claims are dismissed prior to trial, these factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 350 n.7; *Barstad v. Murray Cnty*., 420 F.3d 880, 888 (8th Cir. 2005).

MS Contracting informs the Court that Amtrak and BNSF intend to litigate the issues in state courts. Likewise, MS Contracting seeks to refile its third-party complaint in state court. Although a summary judgment motion is pending in this Court, dismissal will not preclude Better by Design from raising the merits of the motion in any state court proceedings. Consideration is given to keeping all claims regarding the derailment of the train after the collision together in one proceeding.

Having considered the relevant factors under 28 U.S.C. § 1367(c)(3), the Court finds it appropriate to decline to exercise supplemental jurisdiction over MS Contracting's state law claim against Better by Design. Under circumstances where all claims over which there are original jurisdiction have been dismissed, the Eighth Circuit has long held that district courts should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Doing so will serve the interests of comity by leaving those issues of state law to be addressed by a state court. In the event additional litigation over those claims occurs, the parties will have benefited from

the discovery exchanged in this case to minimize any inconvenience.

Based upon the foregoing, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Accordingly,

**IT IS HEREBY ORDERED** that MS Contracting's third-party complaint against Better by Design is dismissed, without prejudice.

Dated this 15th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE